IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00221-MR-WCM

| | |
|---|---|
| RUPA VICKERS RUSSE, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> MADISON COUNTY ) </br> SHERIFF'S DEPARTMENT; ) </br> Madison County Sheriff **JAMES** ) </br> **HARWOOD** in his official ) </br> Capacity; Deputy **D. JOYNER,** in ) </br> his individual and official ) </br> capacity; **COUNTY OF MADISON,** ) </br> **NORTH CAROLINA; JOHN DOE** ) </br> **CORPORATION,** in its ) </br> capacity as surety on the ) </br> official bond of the Sheriff's ) </br> Department of Madison ) </br> County; and **JANE DOE** ) </br> **CORPORATION,** in its capacity ) </br> as Madison County liability ) </br> insurer, ) </br> ) </br> Defendants. ) </br> _____ ) | ORDER |

This matter is before the Court on Plaintiff's Motion for Early Discovery (Doc. 7).

By Order entered on January 19, 2023, the Court enlarged the time for Plaintiff to serve Defendants through and including March 17, 2023. Doc. 5.

1

Through the instant Motion, Plaintiff now requests leave to conduct early discovery from Defendants Madison County and the Madison County Sheriff's Department "for the limited purpose of identifying Defendants who have not yet been served because their identity is unknown to Plaintiff." Doc. 7-1 at 4.

In support of the Motion, Plaintiff has submitted a memorandum which, in large part, discusses qualified immunity issues. Doc. 7-1. Such arguments, however, are premature given that Defendants have not yet appeared, let alone asserted the defense of qualified immunity.

In addition, Plaintiff does not explicitly describe the discovery method(s) she proposes to use. Likewise, she does not explain how she intends to obtain the information she seeks; she wishes to take discovery from the County and the Sheriff's Department yet, as of the filing of "Plaintiff's Motion to Certify Service of Defendant County and Motion to Extend Fed. R. Civ. P. 4 Service of Process Deadline" (Doc. 4), service had not been completed on the Madison County Sheriff's Department.[1]

The undersigned also notes that the certificates of service on Plaintiff's Motion to Certify Service (Doc. 4) and on the instant Motion state that the

---

[1] The undersigned has not made and does not now make any finding as to the sufficiency of service on Madison County. See Doc. 5 at 2 ("To the extent Plaintiff seeks an order from the Court certifying that Plaintiff has properly served the County, the Motion will be denied.").

2

documents were uploaded to the Court's CM/ECF electronic filing system "of which Defendant's counsel of record is believed to be an authorized registrant." However, no attorney has appeared for any Defendant in this matter.

Under these circumstances, the undersigned has closely considered whether to deny the instant Motion. However, as Plaintiff has been given additional time to complete service on Defendants, and as Plaintiff seeks in part to learn the identity of two John/Jane Doe defendants, the Court in its discretion will allow the Motion.

Plaintiff is reminded, though, that she remains responsible for ensuring that Defendants are properly and timely served pursuant to the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Early Discovery (Doc. 7) is **GRANTED**, and, for the purpose of facilitating service of the Complaint and Summonses, Plaintiff is **GIVEN LEAVE** to serve up to five (5) single part interrogatories prior to the formal opening of the court-enforceable discovery period.

Signed: January 27, 2023

W. Carleton Metcalf
United States Magistrate Judge